UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT BANKS,<br><br>                              Plaintiff,<br><br>v.<br><br>PHO KITCHEN NOODLES, INC. dba PHO KITCHEN, MORENA VISTA LLC, and DOES 1-10, Inclusive,<br><br>                            Defendants. | Case No.: 18-CV-583 JLS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND 2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Dwight Banks's Motion to Proceed *In Forma Pauperis* ("IFP"), ("IFP Mot.," ECF No. 2).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

1

In the present case, Plaintiff has submitted an affidavit indicating his total monthly income is $826 (received through disability payments), he is currently unemployed and unable to work, and he has no assets. (IFP Mot. 2–5.)[1] Plaintiff's monthly expenses are $818. (*Id.* at 5.) The Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a

---

[1] For ease of reference, page numbers to docketed materials refer to the CM/ECF page number.

complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported his contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff has filed a Complaint alleging Defendant has violated the Americans with Disabilities Act and alleging other causes of action. (ECF No. 1.) Plaintiff alleges Defendant has failed to comply with state and federal access laws by not providing outdoor seating that would accommodate his wheel chair. (*Id.* at 5.)

Accepting Plaintiff's factual allegations as true, the Court finds Plaintiff's pleading sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007)

Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties

in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**ORDERS AND CONCLUSION**

Good cause appearing, the Court:

1. **GRANTS** Plaintiff Motion to Proceed IFP, (ECF No. 2);
2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Complaint, (ECF No. 1), upon Defendans and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, (ECF No. 1), and a summons so that he may serve the Defendants. Once he receives this "IFP Package," Plaintiff is **ORDERED** to complete the Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to Civil Local Rule 4.1(c), and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.
3. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285, to timely serve a copy of Plaintiff's Complaint and summons upon Defendants as directed by Plaintiff. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).
4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983[,]" once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on

the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits[,]" the defendant is required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant, or counsel for Defendant, and the date of that service. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED.**

Dated: March 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge